

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MWG:ED'A                    *271 Cadman Plaza East*
                                        *Brooklyn, New York 11201*

May 16, 2025

By ECF

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  United States v. Xiang Li
        Docket No. 25-MJ-171 (RML)

Dear Judge Levy:

   The government respectfully submits this letter to request that the Court deny the defendant Xiang Li's request for a bail hearing following entry of the Court's Order of Detention (the "Detention Order") entered on May 13, 2025, in connection with the above-captioned case. ECF No. 2. For the reasons discussed below, this Court no longer has jurisdiction to hear the defendant's motion for bail, which should be made in the District of Rhode Island.

   On May 13, 2025, the defendant, a Chinese citizen, was arrested in this District pursuant to an arrest warrant and indictment issued by the United States District Court for the District of Rhode Island. The indictment charges the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Following the defendant's initial appearance in this District, this Court ordered that the defendant be removed to the District of Rhode Island and entered the Order of Detention.

   "When a person is held in one district on criminal charges brought in another district, Fed. R. Crim. P. 40[1] and 18 U.S.C. § 3145(a) make provision for the division of authority between the two districts regarding the person's release or detention." United States v. El Edwy, 272 F.3d 149, 151 (2d Cir. 2001). Pursuant to 18 U.S.C. § 3145, "[i]f a person is

---

   [1]  "In 2002, as part of a general restyling of the Criminal Rules to make them more easily understood, procedures governed by Rule 40 were largely relocated to Rule 5." United States v. Savader, 944 F. Supp. 2d 209, 212 (E.D.N.Y. 2013).

ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, <u>with the court having original jurisdiction over the offense</u>, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b) (emphasis added). In <u>United States v. El Edwy</u>, the Second Circuit has explained that "for purposes of 18 U.S.C. § 3145, 'the court having original jurisdiction over the offense' means the court in the district in which the prosecution is pending, not the court in which the magistrate judge sits." 272 F.3d 149, 154 (2d Cir. 2001).

Here, because the defendant has been indicted by a grand jury sitting in the District of Rhode Island, the District of Rhode Island is the court "having original jurisdiction over the offense." 18 U.S.C. § 3145(b). Thus, if the defendant seeks to amend or revoke the Detention Order, the only court with jurisdiction to entertain such a motion at this stage is the District of Rhode Island. <u>See, e.g.</u>, <u>United States v. Malik</u>, No. MAG 22-16126, 2022 WL 4449380, at *1 (D.N.J. Sept. 23, 2022) ("In this case, Defendant was arrested in the District of New Jersey based on a criminal complaint filed in the Northern District of Texas. That district, not New Jersey, is the one that has original jurisdiction over the offense. New Jersey's jurisdiction for purposes of bail review ceased once the case was transferred to the Northern District of Texas.").

For the reasons set forth above, this Court should deny the defendant's request for a bail hearing in this District and order that the defendant direct any such request to the United States District Court for the District of Rhode Island.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     <u>/s/ Elizabeth D'Antonio</u>
Elizabeth D'Antonio
Assistant U.S. Attorney
(718) 254-6416

cc:     Clerk of Court (RML) (by ECF)
Counsel of Record (by ECF)